# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 05-1607

BETH KOBUGABE,

*Petitioner,*

v.

ALBERTO R. GONZALES, Attorney General of
the United States,

*Respondent.*

———————

Petition for Review of an Order of the
Board of Immigration Appeals

———————

ARGUED MARCH 1, 2006—DECIDED MARCH 15, 2006

———————

Before EASTERBROOK, WILLIAMS, and SYKES, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* After seven years in the United States, Beth Kobugabe (whose student visa had expired) applied for asylum, contending that she would be persecuted in her native Uganda. Because Kobugabe had not sought asylum within a year of arriving, however, her application was denied as untimely. 8 U.S.C. §1158(a)(2)(B). She remains eligible for withholding of removal under 8 U.S.C. §1231(b)(3)(A), which provides that immigration officials "may not remove an alien to a country if . . . the alien's life or freedom would be threatened in that country

because of the alien's race, religion, nationality, member-ship in a particular social group, or political opinion."

Kobugabe testified that she had been raped by members of Uganda's army, and that she would be at continuing risk because her father and brothers fought on behalf of two former rulers (Milton Obote and Tito Okello). Soldiers supporting a rebel faction had sacked and burned her family's compound and killed many of her relatives during a civil war; that faction prevailed, and its leader (Yoweri Musaveni) has been President of Uganda since 1986. Moreover, Kobugabe testified (she was the only witness), members of the Batoro Tribe, to which she belongs, fare poorly in Uganda. The immigration judge did not believe her and added that she would not be entitled to relief even if her story were true. The Board of Immigration Appeals agreed in a short opinion.

To simplify matters we shall assume that Kobugabe's testimony was truthful. The question remains whether she is entitled to withholding of removal. That remedy differs from asylum in several ways, three of which are pertinent. First, an applicant for asylum must show that persecution has occurred, while an applicant for withholding of removal must establish a threat to "life or freedom" if returned. Persecution may take forms less serious than deprivation of life or freedom. Second, the applicant for withholding of removal bears the burden of demonstrating that loss of life or freedom is more likely than not. See *INS v. Stevic*, 467 U.S. 407 (1984). The burden in asylum matters is lower. See generally *Chitay-Pirir v. INS*, 169 F.3d 1079, 1081-82 (7th Cir. 1999). Third, §1231(b)(3) concerns the future rather than the past. In asylum cases a demonstration that severe persecution occurred before the alien's arrival in the United States can justify asylum without regard to current country conditions. For withholding, although persecution in the past may imply a future threat and so require the agency to

demonstrate that conditions have improved, see 8 C.F.R. §1208.16(b)(1); *Firmansjah v. Gonzales*, 424 F.3d 598, 604-06 (7th Cir. 2005), the focus remains on what is likely to happen following an alien's return home. Respecting these differences between asylum and withholding of removal is vital if the deadline for seeking asylum is to have any effect.

The immigration judge found that the future risk to Kobugabe would be modest. Neither the State Department's country report for 1997 (on which the immigration judge relied, together with a BBC profile from 2003) nor the current report suggests that members of the Batoro Tribe are being persecuted in Uganda. Our search of online resources did not turn up so much as a *contention* by any human-rights organization that the Batoro Tribe has been victimized in the recent past in Uganda or faces impending persecution. Nor do the country reports or other published sources relate that the Musaveni government is tracking down soldiers who fought on behalf of earlier leaders, let alone the relatives of those soldiers. Kobugabe did not put any evidence about current country conditions into the record; her position is that she is entitled to relief because of what she experienced before she arrived in this nation. Whether or not that would carry the day if this were an asylum case, her personal history is not enough to show entitlement to withholding of removal.

Many nations suffer from recurrent episodes of civil strife; Uganda has been unfortunate in this respect. Though it has been stable for some time, the past may be prologue. Still, it is impossible on this record (or with reference to available published materials) to predict that a renewal of hostilities is imminent and that Kobugabe would be at particular risk should country conditions deteriorate. The United States does not insure aliens against unrest or civil war in their homelands. See *INS v. Elias-Zacarias*, 502 U.S. 478 (1992). The agency did not abuse its discretion or commit any clear

**error in holding that Kobugabe is not entitled to withholding of removal.**

  **The petition for review is denied.**

**A true Copy:**

      **Teste:**


                    _____
                    *Clerk of the United States Court of*
                    *Appeals for the Seventh Circuit*